Minshall, C. J.
The action below was brought in the common pleas of the county by George E. Hogg and another, against Sarah Smith and her husband Walter M. Smith, and Benjamin J’. Wilson, to enforce the lien of a revived judgment, and set aside a conveyance alleged to have been made to defraud the plaintiffs. The defendants, Sarah Smith and her husband denied,the fraud, and averred that the land in question, was acquired by the husband by inheritance from his father, after the rendition of the judgment and before its revivor, and was conveyed by the husband to his wife for a valuable consideration before any levy was made on it. The court heard the case upon the issues and dismissed the petition. The case was then appealed by the ' plaintiffs to the circuit court, where the case was' tried and determined in favor of the plaintiffs. From the *531 pleadings and a finding of facts made by the court, it appears that in 1874, the plaintiffs recovered'a judgment in the common pleas of the county against Walter M. Smith and Benjamin J. Wilson for some seven thousand dollars, on which a payment of some two thousand dollars was thereafter made No execution was issued and the judgment became dormant, and was revived by a conditional, order made November 7, 1889, the entry of the conditional order having been made September 20, 1889. After the recovery of the judgment and before its revivor, Walter M. Smith, the husband, acquired by inheritance the land in question; and, after the commencement of the proceeding to revive, on September 27, 1889, conveyed the same to his wife, Sarah Smith, for, as she claims, a valuable consideration, but, as the judgment creditors claim, to defeat the collection of their judgment. After the revivor of the judgment, the plaintiffs caused an execution to be issued and levied on the land. The 'court found, the facts as to the recovery of the judgment and its revivor as above stated. The time as to the • acquisition of the land by the husband, is averred in the answer and not denied by the reply. And, holding the judgment as revived to be a lien on the land, refused to find as to the alleged fraud, and, finding the amount due on the judgment, made an order for the sale of the land, if not paid in the time named. Error is prosecuted here for a reversal of this judgment on the ground that the court erred in its conclusion of law from the facts found; and the facts admitted by the pleadings. ■
Whether the court erred in its conclusion of law depends upon the proper construction of the last clause of section 5367, Revised Statutes. *532 The section provides for the revivor of a- dormant Judgment; it may be done by a conditional order or by petition; and, it is provided, that when revived “the lien of the judgment for the amount due shall be revived, and shall operate from the time of the entry of the conditional order, or the filing of the petition.” Now, what is meant by “the lien of the judgment for the amount due shall be revived?” The court evidently held, that the revivor operated as a new judgment, and became a lien upon all lands owned by the debtor within the county, at the- entry of the conditional order, as in the case of an original judgment under section 5375, Revised Statutes. This, we think, does violence to the language of the statute, and is error. It is the lien of the judgment that is to be revived, not the creation of a new one — -the lien or liens, the judgment revived had when it became dormant. To hold' otherwise would be to disregard the propriety of language and torture the sense of the statute. A lien cannot be revived that never had an existence. Hence, it was not the intention of the legislature, from the language employed, to provide for the creation of new liens against the lands of a debtor, by the provision for the revivor of dormant judgments, but to provide for the revivor of a judgment with such liens as it had at the time it became dormant. .
It is settled law in this state,-that a judgment without a levy does riot become a lien on after acquired lands. As to such lands the Judgment only becomes a lien by the levy of an execution issued upon it. And it is equally true that the lien of a judgment, given by section 5375, Revised Statutes, ■ and such as' are created by the' levy of an execution, are of no avail as against a purchaser, after *533 the judgment becomes dormant before it is revived. Roads v. Symmes, 1 Ohio, 281; Stiles v. Murphy, 4 Id., 92; Norton v. Beaver, 5 Id., 178, 181; Miner v. Wallace, 10 Id., 403; Hutchinson v. Hutchinson, 15 Id., 301; Tucker v. Shade, 25 Ohio St., 355; Wuest v. James, 51 Id., 230. And, in fact, the statute provides, section 5380, Revised Statutes, that if execution on a judgment rendered in any court of record in this state, is not sued out in five years from its date, “such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.” By its revivor, a new judgment is not created. The object and effect of the proceeding is simply to revive an existing judgment, with such liens as it had when it became dormant, and so that execution may be issued upon it. Rights acquired by third persons, by purchase or otherwise, during its dormancy, are not affected. In Tucker v. Shade, it is said by White, J.: “It is well settled that the title of a purchaser from the judgment debtor, is, on the judgment becoming dormant, discharged from the lien, and that the subsequent revivor of the judgment will not affect such title.” .
The judgment in this case was recovered in 1874, and became dormant in 1879. The land in question was acquired by the debtor during its dormancy, by inheritance from his father in 1889, and was conveyed by him to his wife, September 27,1889, for, as claimed, a valuable consideration. No levy was made on the'land until after the revivor of the judgment, November 7, 1889. Now, as'the revivor of the judgment without a levy did not make the judgment a lien on the land, the fact that the revivor, by statute, is made to relate to the éntry of the conditional order, which, in this *534 case, was September 20,1889, can make no difference ; for, if the judgment had been revived at that date, it would not, without a levy then made, have been a lien on the land. The lien of a judgment creditor, as to after acquired land, dates from the levy and not from the revivor of the judgment.
As then the judgment was not, at the time of its recovery, nor by virtue of its revivor, a lien on these lands; and, as against the prior purchaser, none was acquired by the levy made subsequently to the revivor, unless, as claimed, the conveyance was fraudulent, the court should have proceeded to hear and determine the question of fraud made by the pleadings. The judgment will, therefore, be reversed, and the cause remanded for the determination of that question.

Judgment reversed and cause remanded for further proceedings.